# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANUEL BURGOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. DOMINGO, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:12-cv-00474-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## **SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Richard Manuel Burgos, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action on March 29, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

///////

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff suffers from permanent nerve damage and severe pain in his right foot, ankle, leg, hip and lower back. (Compl. at 10.) When he was transferred from California State Prison-Solano (CSPS) to Pleasant Valley State Prison (PVSP) on April 6, 2011 (Id. at 5), Defendant Domingo, per the CDC Operations Manual, confiscated a pair of orthopaedic boots and other personal property.[1] (Id. at 5-7.) Shortly thereafter the medical staff at PVSP

---

[1] Consisting of a breathing machine attachment, typewriter, storage box, headphone extension cable, extension cord, antenna, adaptor, earbuds, clock, bowl, body oils. (Compl. at 7.)

removed him from the Disability Placement Plan he had been on at CSPS. (Id. at 5.) As a result, Plaintiff suffered pain to his right foot, ankle, leg, hip and lower back. (Id. at 7, 10.)

He filed a prison appeal. Defendants Carr and Pineda improperly denied the first level appeal; Defendants Morgan, Trimble and Martinez improperly denied the second level appeal; Defendants Allen and Foston improperly denied the third level appeal. (Id. at 6-9.)

Plaintiff claims the following Defendants deprived him of his property,[2] were indifferent to his medical needs and improperly denied his appeal in violation of the Eighth and Fourteenth Amendments: (1) K. Domingo, Correctional Officer at PVSP, Receiving and Release, (2) B. Carr, Correctional Sergeant at PVSP, Receiving and Release, (3) A. Pineda, Associate Warden at PVSP, Central Operations, (4) J. Morgan, Correctional Officer at PVSP and Appeals Coordinator, (5) Robert H. Trimble, Warden at PVSP, (6) H. Martinez, Health Care Appeals Coordinator at the Office of Appeals, California Department of Corrections and Rehabilitation (CDCR), (7) K. J. Allen, Correctional Appeals Examiner at CDCR, (8) D. Foston, Chief Office of Appeals at CDCR. (Id. at 3-4.)

Plaintiff seeks injunctive relief in the form of a transfer back to CSPS, a protective order regarding retaliation, return of his orthopaedic boots, general, special and punitive damages and attorney's fees and costs. (Id. at 13.)

IV. **ANALYSIS**

A. **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

---

[2] Plaintiff also asserts an allegedly timely supplemental state tort claim regarding the property deprivation based upon a California Victim Compensation and Government Claims Board claim that was rejected on November 30, 2011. (Compl. at 9, 11.)

-3-

a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.     Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges Defendants' confiscation of orthopaedic boots prescribed at CSPS was with deliberate indifference to his serious medical needs. However, Plaintiff also alleges the boots were confiscated in accordance with Department of Corrections policy because Plaintiff had another pair and was "only allowed one pair." (Compl. at 6.)

Plaintiff has alleged no facts to plausibly suggest that depriving Plaintiff of one of two sets of medically prescribed boots could constitute an act of indifference to Plaintiff's medical needs or cause Plaintiff any harm. Plaintiff fails to state a claim in this regard.

Given the facts alleged, it is difficult to imagine that Plaintiff could amend to assert a viable claim in this regard. Nevertheless, the Court will give Plaintiff one opportunity to amend and insert true facts, if any there are, to show how Defendants' acts demonstrated a deliberately indifferent response to a serious medical need.

**C.    Inmate Appeal**

Plaintiff alleges that Defendants improperly denied his inmate appeal(s). Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 claim. Buckley, 997 F.2d at 495.

Since he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff fails to state a claim in this regard. Amendment of this claim would be futile. Leave to amend will not be granted.

### D. Property Deprivation

Plaintiff alleges that his property was intentionally taken pursuant to prison Operating Procedures and underlying regulations.

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).[3]

---

[3] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff has not alleged, and nothing before the Court plausibly suggests that the regulations, procedures and policies underlying confiscation of his property are other than reasonably related to legitimate penological interests. Nor has he alleged denial of post-deprivation remedies available within the prison system. See Shabazz v. Odum, 591 F.Supp. 1513, 1517 (D.C.Pa. 1994) (seizure of contraband radio without prior hearing proper where right to possession outweighed by governmental interest in prison safety and where post-deprivation remedies in prison system available); see also Kunze v. Bertsch, 477 F.Supp.2d 1038, 1053 (D.N.D. 2007) (inmate has no protectable property interest in contraband or right to keep contraband in his cell). Plaintiff did grieve the deprivation through the prison appeal system. Plaintiff fails to state a due process claim for authorized intentional deprivation of property.

Plaintiff alleges no facts suggesting that he lacks a meaningful state tort remedy for any unauthorized property deprivation (i.e., a deprivation not authorized by properly adopted regulations, procedures and policies). Plaintiff does have an adequate post-deprivation remedy under California law and therefore, any attempt to pursue a claim under federal law for unauthorized taking of his property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810– 895). The Court will not address the viability of Plaintiff's state law claims at this time because it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Accordingly, Plaintiff fails to state a claim for deprivation of property in violation of his Fourteenth Amendment rights.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming an authorized confiscation not reasonably related to a legitimate penological interest or a valid state tort claim relating to an unauthorized deprivation subject to supplemental jurisdiction.

### E.     Injunctive Relief

Plaintiff seeks injunctive relief in the form of a transfer back to CSPS and a protective order against retaliation.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present, adverse effects.").

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

### F.   Mental and Emotional Damages

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." See Oliver v. Keller, 289 F.3d 623, 627–29 (9th Cir.2002) (allegations of severe and lasting back and leg pain, a painful canker sore, and unspecified injuries sustained in a fight not more than de minimis ). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

If Plaintiff chooses to amend and brings a claim for mental or emotional injury he should include sufficient facts complying with the physical injury requirement.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff one opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's

amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed March 29, 2012,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: April 18, 2012          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE