UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANUEL BURGOS,<br><br>Plaintiff,<br><br>v.<br><br>K. DOMINGO, et al.,<br><br>Defendants. | CASE NO.   1:12-CV-00474-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 8)<br><br>CLERK TO CLOSE FILE<br><br>DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |

### SECOND SCREENING ORDER

**I.     PROCEDURAL HISTORY**

Plaintiff Richard Manuel Burgos is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff's Complaint was dismissed with leave to amend for failure to state a claim. (Order Dismiss. Compl., ECF No. 7.) Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 8), which is now before the Court for screening.

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff's primary care physician had prescribed "orthotic shoes" for nerve damage in his back, hip, leg and foot. Plaintiff here reiterates his earlier claim that upon transfer from California State Prison-Solano to Pleasant Valley State Prison ("PVSP"), Defendant Receiving and Release Officers at PVSP confiscated one of his two pair of orthotic shoes in deliberate indifference to his serious medical needs and violating his Eighth Amendment rights. (First Am. Compl. at 4-5.)

Plaintiff's prison appeal was denied at the Third Level. (Id. at 5-6.)

Plaintiff names as Defendants PVSP Receiving and Release Officers K. Domingo and B. Carr. (Id. at 2.)

Plaintiff has suffered pain, swelling, blurred vision, migraines, seizures, insomnia and sleep deprivation. (Id. at 4.)

Plaintiff seeks injunctive relief and monetary compensation. (Id. at 7.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

///////

### B. Deliberate Indifference

Plaintiff alleges he suffers from serious nerve damage; his primary care physician prescribed orthotic shoes; Defendants interfered with this medical treatment plan by confiscating one of his two pairs of orthotic shoes with deliberate indifference to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that he was diagnosed with nerve damage requiring treatment by his primary care physician, taken as true on screening, is sufficient to show a serious medical need satisfying the first prong of deliberate indifference.

However, Plaintiff again fails to allege facts plausibly claiming Defendants interfered with his prescribed treatment plan. Nothing before the Court suggests that he was prescribed

"two" pair of orthotic shoes; the First Amended Complaint simply alleges he was prescribed "orthotic shoes" and that he was then issued two pair. (Compl. at 4.) He alleges no facts suggesting his health care plan and chrono's required that he possess two pair of orthotic shoes, or that one pair is not sufficient to meet his health care plan needs.

Plaintiff cites to California Department of Corrections and Rehabilitation, Department Operations Manual Section 54030.19.7.2 as allowing for doctor prescribed health care appliances.[1] However Section 54030.19.7.2 does not support entitlement to two pair of orthotic shoes here because he was not specifically prescribed two pair of orthotic shoes.

There is nothing before the Court that would support a calim that depriving Plainitff of one of two pair of medically prescribed shoes could constitute an act of indifference to his serious medical needs or cause Plaintiff any harm.

The Court's previous screening order advised of the deficiencies in this claim and afforded an opportunity to correct them. (Order Dismiss. Compl. at 5.) Plaintiff has not corrected those deficiencies. Nothing would be gained by in granting yet another opportunity to correct the same deficiencies. Leave to amend would be futile.[2]

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any § 1983 claim upon which relief may be granted against Defendants. Leave to amend would be futile for the reasons set out above and will not be granted. Plaintiff's action should be dismissed with

---

[1] California Department of Corrections and Rehabilitation, Department Operations Manual Section 54030.19.7.2 lists Registerable Property for Level III and IV Male Inmates.

[2] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Futility is a valid reason for denying leave to amend. In re K-tel Intern., Inc. Securities Litigation, 300 F.3d 881, 899-900 (8th Cir. 2002).

prejudice.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This action shall be dismissed with prejudice for failure to state a claim,

2. Dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and

3. The Clerk shall close the file in this case.

IT IS SO ORDERED.

Dated:  May 23, 2012         /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE